In his application for rehearing, defendant, appellee, chiefly challenges the correctness of the amount of credits allowed him in the judgment. To some extent his contentions are correct.
We experienced no difficulty in reaching the opinion that defendant was justly due plaintiff some amount on premium account, but did experience considerable difficulty in determining the correct amount thereof. The nature of the case and the disadvantage in which plaintiff found itself in its effort to fix the measure of defendant's liability to it contributed to this unsatisfactory situation.
We found that defendant was at least due plaintiff on premium account under the Workmen's Compensation and Public Liability policies, for the period from June 25, 1938, to December 17, 1939, the date on which the last policies were canceled, the sum of $760.24, and that payments on account under the policies maturing June 25, 1939 amounted to $447.75. The various payments taken into account to make up this total really aggregated $457.44. In addition, this aggregate through inadvertence, did not comprehend $134.38, the estimate of premiums under the policies that matured June 25, 1939, payment of which plaintiff admits. The estimates under the policies canceled were not paid.
Therefore, defendant is due to be credited with $591.82 instead of $447.75, against the $760.24 found to be due by him to plaintiff, which leaves a balance due plaintiff of $168.42. The judgment in plaintiff's favor is accordingly reduced to this amount.
The errors above related are purely clerical and corrections to conform to the true facts are permissible without a rehearing. A rehearing is refused. *Page 648